May it please the Court. My name is Hilary Hahn, and I'm appearing on behalf of the petitioner on this case. Last week, the Court issued its decision in Huerta Guevara v. INS, and in that case the Court found that under a categorical approach, Arizona's theft statute is not a theft offense under the Immigration and Nationality Act. In this case, which involves the theft of means of transportation statute, is indistinguishable from Huerta Guevara. The theft of means of transportation statute at issue in this case tracks the theft statute that was considered in Huerta Guevara almost word for word. In Huerta Guevara, the Court held that there were four subsections of the statute that didn't have an intent to deprive, and so weren't theft offenses under Corona Sanchez. In this case, subsections 2, 4, and 5 of the theft of means of transportation statute also don't require that intent to deprive. The theft of means of transportation statute at issue in this case cannot categorically be a theft offense. Because it's not categorically a theft offense, the next question is whether under a modified categorical approach, the government can rely on a pre-sentence report to meet its burden of proving that Ms. Nevarez was convicted of the generic offense, the generic theft offense. This Court has consistently held that under a modified categorical approach, it does not look to the facts underlying a conviction to determine whether someone's been convicted of an aggravated felony. It looks to the statute and to the record of conviction to determine if the defendant was actually convicted of or actually pled guilty to elements of an aggravated felony, or in this case, elements of a theft offense. And that's why the Court does not look to the pre-sentence report in applying the modified categorical approach unless the pre-sentence report actually identifies the statute that the person was convicted under. How do you distinguish or can you distinguish Abreu Reyes from Corona Sanchez in terms of the admissibility of the PSR? Well, we argued in a footnote in our reply brief that it's difficult to distinguish the two cases. But I think in this case, we can distinguish it. I don't think the Court needs to go to whether Abreu Reyes was wrongly decided. Abreu Reyes seems to say that there's an exception to Corona Sanchez as to looking at facts in the pre-sentence report where you look to a single discrete fact that's not an element of the offense that's underlying it. The amount of loss was not an element, but just something to be considered for purposes of sentencing. Right. And it was also a necessary factor in determining whether it was an aggravated felony. Right. It just would seem that if you – the modified categorical approach suggests that there's a limited amount of material that you can look at, which is the judgment of conviction and the indictment and a plea agreement, but not really anything else. I'm just wondering if Abreu Reyes was contrary to Taylor. Well, we think it probably was, yes. I mean, it – you know, the only exception to that seems to be in Romero Rendon when the Court said that you can – if the pre-sentence report actually identifies the statute that the person was convicted under, and that's not contradicted, then, you know, it's appropriate to use that. But as to facts, yeah, I mean, Abreu Reyes is the only case where the Court's actually said that, you know, facts in the pre-sentence report the person wasn't convicted of and they didn't plead guilty to can be used to determine that someone's an aggravated felon. Did you say – did I hear you say earlier that in this case it was not proper to look at the pre-sentence report? Yes. Now, why is that? Well, I mean – First of all, that's not the general rule, is it? Well, as far as – I mean, there's two different things. If the pre-sentence report actually says the statute that the person was convicted under, then it could be proper to look at the pre-sentence report. Facts in the pre-sentence report, it's not proper to look to. In this particular case, the government wants the Court to look to facts in the pre-sentence report that Ms. Nevarez was never convicted of, she never pleaded to. But what's the case you're depending on that says the pre-sentence report has to identify the statute? Well, I mean, in Corona Sanchez, the Court said that facts underline a conviction. You can't look to facts in a pre-sentence report underlying the conviction. In that case, they also cited Romero-Rendon, where the Court said that for the limited purpose of determining what statute the person was convicted under, if the pre-sentence report actually identifies the statute, it might be appropriate to look to the pre-sentence report. And the other distinguishing factor from Abreu-Reyes in our case is the fact that in Abreu-Reyes, the facts that the Court looked to were based on calculations by an IRS agent, which the Court found to be a reliable source. In this case, the facts that the Court relied on were from a police report. On page 72 of the administrative record, the pre-sentence report says that it's based on either Arizona or Phoenix Police Department reports. And that's the same as in Perez-Corona. In Perez-Corona, the Court also said that where a pre-sentence report is based on information from a police report, there aren't sufficient indicia of reliability to rely on it. So the Court doesn't really need to reach necessarily the correctness of Abreu-Reyes. Another thing which distinguishes this case is even if you do look to the facts in the pre-sentence report in this case, those facts don't prove that Ms. Navarez was convicted of a theft offense. There are facts which say that she, quote, stole the truck so that she could sell the tools that were inside it. Well, this is a theft of means of transportation statute, and none of those five subsections would – I mean, if that were her conduct, it wouldn't fall within any of the five subsections of the statute at issue. There's another point where it says that she took the truck and then she stopped and walked – she drove it for a block and stopped and walked away. Again, that doesn't demonstrate an intent to deprive anybody of the truck. So – and that's exactly the problem with looking at the facts underlying the conviction. I mean, you can try and speculate as to, you know, which subsection they prove, but that's what the Court doesn't want to do. They don't want to do that. So, you know, I think it's important to look at the facts and the evidence, and then to look at the facts and the evidence to try and retry the criminal case. Well, this is another one of those divisible statutes, right? Yes. And it's got, I don't know, several subclasses. Right. A couple of which are outside of the, you know, we'll say don't meet the requirements of the common law theft defense, right? Right. But don't you think that the facts in the pre-sentence report could be read to exclude the possibility of conviction under those non-theft subdivisions? Well, I mean, first of all, I mean, that would be going far beyond the precedent of this I mean, it's the government's burden in immigration proceedings to prove someone's deportable by clear and convincing evidence. I mean, to say that, you know, these facts would exclude certain subsections, that's not clear and convincing evidence. I mean, it's their burden to prove that the person's actually been convicted under one of those two subsections. So even if you looked at the facts, it wouldn't prove, I don't think it would prove  And I'll reserve the rest of my time for about a minute. That's fine, thank you. Your Honors, and to my fellow government, even if we were to take a look at the statute and argue that it is divisible and so the categorical approach does not apply, the main issue here that must be addressed is whether under the modified categorical approach this would, this theft offense or petitioner's conviction would constitute a theft offense. And when one takes a look at the statute and when one looks at the conviction records and the pre-sentence investigation report, the only thing that we can conclude is that her conviction constitutes a theft offense. First Before you get into that, I want to read you the letter, the language we used in the way of Guevara against Ashcroft. Yes, Your Honor. Where Judge Reimus says, For this purpose we look only to the fact of conviction and the statutory definition of the prior offense. So if that's our standard, how do we even go beyond that? Your Honor, first I would note that in Huerta, Guevara, the court did not cite to Abreu Reyes, and in the court's decision on Abreu Reyes, the court specifically stated that the court could look at the pre-sentence investigation report to This is the most recent decision we have on that. Yes, Your Honor, but it does not cite to another court precedent. Maybe it's gone. We follow the most recent decision. Your Honor, but the decision in Abreu Reyes, there's no And of course, as you know, Abreu Reyes came out just a couple of days after non-bank and it went the other way. So there's serious doubt about its status. Yes, Your Honor. If your total reliance is on Abreu Reyes, is that your position? No, Your Honor. Because as Judge Tewks If you don't rely on that, what do you rely on? Your Honor, the court has stated in Chang, in Abreu Reyes, and in other cases that the general rule is that a pre-sentence investigation report may be used to establish under a modified categorical approach the offense itself, and the nature of the offense, not just the fact of the offense. I don't think you're correct. For a hypothetical, let's go on. What are the facts you find that establish a moral servitude in this case in a pre-sentence report? I'm sorry. What do you find in the pre-sentence report that helps you? In the pre-sentence report, if the court takes a look at the defendant's statement, it states when the probation officer took Ms. Nevarez Martinez's statement, it states that she had stolen the truck, that she had actually exercised control with the intent to deprive at least for a short time. I mean, how can you go that far? She admits the crime, which is one of five or six possibilities. Yes. Yes, Your Honor. You've got sort of double hearsay. You've got the taken her statement, someone who probably doesn't know the law very well, and then reported by an immigration or by a probation officer. She stole the truck. Essentially, she committed the crime. There's no fact involved in that. We don't know what sections she thought she was violating. Your Honor, we do, by the virtue of the fact that she's admitted she stole the truck that she used. You're pushing all your emphasis on that one word, stole. Well, Your Honor. Anybody who committed this crime could say, I committed theft. Your Honor, first of all, keep in mind that this is a pre-sentence report. The statute under which she was convicted is theft of a means of transportation. Theft of a means of transportation indicating that it would be a theft offense. And this court in Taylor stated that we must use the most generic meaning of the term theft offense. Therefore, when one takes a look at it, the statute indicates that the different categories are theft offenses, not only because the legislative indicates they meant every provision to be a theft offense. But the statute is divisible. To admit a theft offense is not to admit a crime of mild seventy. Your Honor, but that is why this is under a modified categorical approach. And under a modified categorical approach, the case law in this court, Huerta, Chang, Abreu, Corona-Sanchez, indicates that one can take a look at other documents, including a pre-sentence investigation report, as long as it's reliable. There's no hearsay problem. Now, what section of the statute do you think saying I stole admits? Will you point to which section of the Arizona statute? Your Honor, the fact is, it's a common-sense analysis in terms of which of the three statutes. Let me answer that question first, then. It would be, then, that she either controlled the person's means of transportation with the intent to permanently deprive the person of the means of transportation Subsection 1. That would be subsection 2, Your Honor. Or, I mean, I'm sorry, subsection 1. All right. How about subsection 2? No. First, if I may, Your Honor, I would respectfully like to answer Your Honor's question. First is subsection 1. Second is subsection 3, which indicates that she obtained another person's means of transportation by means of any material misrepresentation with intent. By using the word stole, she admits 1 or 3. 1 or 3, yes, Your Honor. And she admits 2. Because in number 2, it states that converts for an unauthorized term or use another person's means of transportation that is entrusted to or placed in the defendant's possession for a limited authorized term or use. Her statements indicate that she did not get any – there was no bailiff role on her part. She wasn't entrusted to the possession of the vehicle. She saw the vehicle. There were keys in it. She took it. And then, as Petitioner has indicated, she realized what she was doing, and then she stopped. But she already has indicated that she had the intent. She was in the process. In fact, she was already stealing the vehicle before she realized what she was doing. So in looking at number 2 or 4 or 5, there could not possibly be a manner in which her statements could fall into either of those subcategories. The only subcategories which could possibly apply would be 1 and 3. It's clear. There's no question about it, because if one intends to steal a vehicle, if one intends to take off with a vehicle where one never even had permission to use it, there could not possibly be a conversion with having any kind of entrustment or control after where she thought it was lost or misdelivered. She knew it wasn't hers. She knew... Well, you're giving her an awful lot of facts. I think your real problem is the statute tells us you commit a theft of means of transportation if you do any one of the following five things. Yes, Your Honor. So you can say, I'm a thief. I stole. Yes, Your Honor. And I've done any one of the five. So the mere admission of thieving or stealing doesn't get you very far. But it does get you to the point where you can rule out clearly what subdivisions don't apply. How far? We don't usually go into the circumstances of the crime. Your Honor, one looks at it when it can dictate the nature of the crime. That is what Bray Ray has indicated. And, in fact, in the other cases, including Chang, this Court has said that one may use a pre-sentence investigation report generally to determine the nature of the conviction. It's not just the fact of conviction. I think what you're advocating is, as far as I can remember from the cases, but I don't know them that well, is sort of a new use of the pre-sentence report. In other words, in a negative sense, to exclude the defendant's conduct, the admitted conduct, from use that conduct to exclude the portions of the divisible statute which don't amount to a theft offense. You know what you're doing? So you're saying based upon her own admissions, she didn't do the crime set forth in subdivision two or subdivision four by her own admission. She didn't do that. So by elimination, it has to be a regular theft offense. Is that what you're saying? Yes, Your Honor. So you want to use the pre-sentence report sort of in a negative way. Yes. I don't know of a case in which we've done that before. Do you? No, Your Honor. In other words, we've used it to show an admission that it means this crime was committed. You're saying it shows these excludable crimes were not committed. Yes, Your Honor. It would be. But there's no limitation. This Court has neither stated specifically that it can be used in that regard, nor has the Court stated that it cannot be. Instead, what the Court has stated is the pre-sentence investigation report may not be used where there is evidence showing that it's unreliable. Here, there is nothing. There is no controversy over it. Petitioner has not contradicted the evidence, has not done, as the Court had noted in other decisions, that there were no objections to the information, particularly the material information contained in the pre-sentence investigation report. And there is nothing contradictory which would suggest it's not reliable or that it would be unfair to use. And this Court's case law in Tang and Brave and Coronel Sanchez indicates that the pre-sentence investigation report can be used unless there is some sort of doubt. If there's tension, if there's direct conflict. There is nothing here. And Petitioner has not contradicted it at all and never has even denied it. Well, she took the truck in order to use the tools. Was she permanently attempting to permanently deprive the? Your Honor, it doesn't make a difference whether she intended to permanently deprive. What matters is that she intended to deprive the owner of the use of the vehicle for any duration of time. This Court's decision in Coronel Sanchez. Wait. Section 1 says permanently deprive. Yes, Your Honor. Well, then that would mean that it would have to be permanently deprive. One doesn't seem like one. What does apply then? You said one to begin with. One apparently does not apply. What does apply? Then? Well, just a minute. I don't see the word permanent in my version of Subdivision 1. It says what's the intent? I don't know. I'm looking at the split opinion. What's the intent to deprive? But this is our case. That's the other case. That's a different? Yeah. 13-1802? I don't know. Okay. Yeah, I think it's a different thing. Well, it does say, it says controls another person's means of transportation with the intent to permanently deprive the person of the means of transportation. You know. That's Subsection 1. Correct? 1814. Correct, Your Honor. Okay. Your Honor, I see my time is up, but if I could beg the Court's indulgence for one more minute to sort this out. No, that's okay. We can sort it out ourselves, I think. Thank you. Thank you, Your Honor. Well, can you tell me, we have time to explore this. Once it's permanently, what one do you now say can violate it? Your Honor, first, I might point out that in Corona-Sanchez, this Court stated that regardless, as long as there's an intent to deprive, whether it be permanent or temporary, that is sufficient. Here, there's nothing. Well, no, wait a minute. This is Arizona law we're talking about. Yes, Your Honor. I'm giving you the hypothesis. She takes the steely tool. Which section of the statute did she violate? Just answer that question, not give me some. Your Honor, there's no specific evidence as to what exactly, what subdivision. The possible one which that violated? We can determine based on ruling, based on her statements, what would necessarily apply. What does necessarily apply? It would pass to be that she initially intended to permanently deprive the vehicle. Which section did she violate? Number one or three, Your Honor. How can it be one when she didn't do it permanently? Your Honor, if Your Honor would take a look at her statements again in the pre-sentence investigation report, she indicates that she stole the truck. It was not until later that she determined that she realized what she was doing. So when she first began, she had intended to permanently deprive. There's no evidence. You don't look at it after. One changes one's mind, but it does not mean that the individual defendant did not intend to permanently deprive from the very beginning, and that would be sufficient. We have this with some assurance because those issues were tried before a jury, and she was convicted of those, right? Yes, Your Honor. No, she wasn't. She was not convicted of that. She was convicted under the statute. All we have is the statements in the PSR. Yes, Your Honor. She was convicted under the statute. Right. But all of these things you're saying are not, were not tried in front of a jury. You're speculating based on her statements in the PSR. Yes, Your Honor. And I would say, in my opinion, that this is a case where there are very few questions that are un-contradicted. Okay. Thank you.  Thank you, Your Honor. All right. We thank you for your argument, all right? Thank you. Yes, Your Honor. Thank you. A rebuttal. Just two quick points. I just want to reemphasize that, you know, Abreu-Reyes is the only case where the court has said that you can look to facts in the pre-sentence report. The government cited Chang. Chang didn't say that. Chang said that, in fact, pointed out the tension between Corona-Sanchez and Abreu-Reyes, given the fact, as the court's already said, that Abreu-Reyes was decided four days after Corona-Sanchez and did cite Corona-Sanchez. So it's only Abreu-Reyes that said that. And the other point I just wanted to make and reemphasize is that, you know, this whole discussion about kind of like this process of elimination, I mean, the whole, I mean, beyond the noticeable problems with it, I mean, it also doesn't prove, I mean, it doesn't meet the government's burden of proof. I mean, the government can't prove by clear and convincing evidence that it's subsection one and three through some process of elimination. If there's nothing else, that's all. Okay. Thank you very much. We thank both counsel. This case is submitted for decision.
judges: Noonan, Tashima, Wardlaw